IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MORGAN GREGORY ROBINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:21CV771 |
| v. | ) | 1:05CR343-1 |
| | ) | 1:05CR344-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion pursuant to Fed. R. Civ. P. 60(b). In the Motion, Petitioner mainly attacks his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling on collateral review. The Motion for reconsideration therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. McRae, 793 F.3d 392 (4th Cir. 2015); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he failed to file his claims on the proper § 2255 forms. See Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put Petitioner through the extra work of submitting his claims on the proper forms, however, because Court records reveal that Petitioner already challenged this conviction in a previous § 2255 action (Case No. 1:08CV159). Therefore,

the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 200.[1]

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 actions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2255 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a second or successive § 2255 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d), and that, there being no substantial

---

[1] At times, Petitioner also appears to challenge the calculation of his sentence by the United States Bureau of Prisons. To the extent he seeks to do this, the appropriate avenue for seeking relief would be a petition filed under 28 U.S.C. § 2241 in his district of incarceration after exhausting all administrative remedies within the Bureau of Prisons. If Petitioner seeks to raise such a challenge, he should exhaust his remedies and then seek the proper forms for filing under § 2241 in the district where he is incarcerated at that time.

issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 14th day of January, 2022.

>    /s/ Joi Elizabeth Peake
>    United States Magistrate Judge