IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:05-CR-343 |
| v. | ) | 1:05-CR-344 |
| | ) | |
| MORGAN GREGORY ROBINSON, JR. | ) | |

## MEMORANDUM ORDER

Before the court is pro se Defendant Morgan Gregory Robinson, Jr.'s motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 101.)[1] The Government has responded in opposition. (Doc. 106.) Robinson also moved for an extension of time to file a reply (Doc. 109) and moved to appoint an attorney (Doc. 110). For the reasons set forth below, the motions will be denied.

## I. BACKGROUND

On January 24, 2006, a jury convicted Robinson of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 25.) He was sentenced on June 29, 2006, to 262 months of imprisonment — 228 months on count one in case number 1:05-CR-343 and 34 months on count one in case number 1:05-CR-344, to run consecutively. (Doc. 34.) After completing a state sentence of imprisonment for other crimes, Robinson began serving his federal sentence on April

---

[1] Docket entry references are to those in case number 1:05-CR-343 unless otherwise noted. The motions and corresponding briefing have also been filed on the docket for case number 1:05-CR-344. The court's order accordingly applies to the motion for compassionate release filed in that case as well.

1

3, 2016.  (Doc. 106-1 at 3.)   His presumptive release date is November 11, 2034.  Fed. Bureau of Prisons, Find an Inmate, at https://www.bop.gov/inmateloc. He is presently incarcerated at FCI Otisville and is 55 years old.  Id.

This is Robinson's third motion for compassionate release.  The court denied his prior motions, as he did not demonstrate that his medical conditions created an extraordinary and compelling reason for compassionate release.  (Docs. 75, 81.)

Robinson filed the present motion on November 18, 2022.  (Doc. 101.)  The case was initially screened as one under 28 U.S.C. § 2255.  On October 30, 2023, the magistrate judge, noting that while many of Robinson's arguments are of the type normally raised under § 2255, ordered that the motion be treated as one for compassionate release.  (Doc. 105.)

In his motion, Robinson argues that he was erroneously classified as a career offender because the two predicate offenses, felony fleeing to elude arrest and felony breaking and entering, are no longer crimes of violence under U.S.S.G. § 4B1.2.  (Id. at 2.)  Robinson also argues that his medical conditions increase his risk of serious injury or death due to COVID-19 and that he has made a substantial effort to rehabilitate.  (Id.)  The Government responds that, while Robinson may be correct that the two predicate offenses listed in his presentence report as career offender predicates are no longer crimes of violence, his criminal history

2

contains other crimes that would qualify as predicates. (Doc. 106 at 10.) Moreover, the Government maintains that Robinson's claims as to his medical conditions and rehabilitation do not rise to the level of extraordinary and compelling reasons. (Id. at 12.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served

3

at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[2] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As an initial matter, Robinson contends there is a disparity between the sentence he received and the sentence he would receive if sentenced when he filed his motion. (Doc. 101 at 2.) At the time of his motion, the controlling law for considering a

---

[2] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

4

sentencing disparity on a motion for compassionate release was United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), and the U.S. Sentencing Commission had not updated its guidelines. Effective November 1, 2023, the newly-amended section 1B1.13(b)(6) approximately codifies the principles of McCoy. However, the new amendment requires that a defendant serve 10 years before considering a sentencing disparity as an extraordinary and compelling reason. Compare U.S.S.G. § 1B1.13(b)(6) (2023) (providing that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason," but only if the defendant has served 10 years of his sentence and "where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances"), with McCoy, 981 F.3d at 287-88 (allowing for the "provision of individual relief in the most grievous cases" of sentencing disparities created by a change in law, but only upon "individualized inquir[y]").

By imposing this additional requirement, section 1B1.13(b)(6) now "narrows [Robinson's] range of possible extraordinary and compelling reasons," as he has not yet served 10 years of his current sentence. United States v. Curtin, Crim. No. 14-0467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023). This would doom

5

Robinson's motion at this point.

Even if one were to contend that applying the current guidelines might present an *ex post facto* issue, for the reasons set out below Robinson fares no better under the 2021 Sentencing Guidelines manual in effect when his motion was filed. See U.S.S.G. § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the *ex post facto* clause, and requiring application of manual "in its entirety").

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permit it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the

6

Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government concedes that Robinson has satisfied the exhaustion requirement. (Doc. 106 at 6 n.1.) The court thus turns to consideration of the merits.

Robinson first argues that if he were sentenced at the time of his motion, he would not be enhanced as a career offender. (Doc. 101 at 4.) Pursuant to section 4B1.1, a defendant is a career offender if, having met other criteria, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The presentence report lists felonious breaking and/or entering and felonious eluding arrest as predicate crime of violence offenses. (Doc. 72 ¶ 38.) The Government concedes that his conviction for felony fleeing to elude arrest would not be a predicate offense today. (Doc. 106 at 9-10 (citing Johnson v. United States, 576 U.S. 591 (2015)).)

The Government also concedes that Robinson's two prior convictions for breaking and entering are no longer career offender

7

predicates.  (Id.)  While true, this change in law was made effective by Amendment 798 (August 1, 2016), which was not retroactive.  See U.S.S.G. § 1B1.10(d).  The court has discretion to consider non-retroactive changes in law, Concepcion, 142 S. Ct. at 2403-04, but such consideration must be in the context of an individualized inquiry, see McCoy, 981 F.3d at 287.  Moreover, although the court does not apply the manual in effect today, the court finds persuasive the fact that it would exclude this non-retroactive guideline amendment from what the court should consider in determining whether a gross disparity in sentences exists.  See U.S.S.G. 1B1.13(b)(6) (2023).  It is therefore at least unclear whether the amendment should materially affect the court's analysis as to sentence disparity.

Whatever doubt may linger is nevertheless dispelled by Robinson's prior conviction for felonious sale of cocaine and two prior convictions of felonious robbery with a dangerous weapon.  (Doc. 72 ¶ 55, 58.)  As the Government argues, these would likely suffice as predicates in their own right.  See United States v. Pittman, 728 F. App'x 197 (4th Cir. 2018) (unpublished) (holding that North Carolina robbery with a dangerous weapon is a crime of violence); United States v. Miller, 75 F.4th 215, 229-30 (4th Cir. 2023) (holding that felonious sale or delivery of a controlled substance under N.C. Gen. Stat. § 90-95(a) is a controlled substance offense).  Accordingly, there is likely no change in law

8

that would produce a sentence disparity between the sentence imposed and the sentence Robinson would receive at the time of his motion.

Moreover, Robinson's individualized circumstances do not warrant early release, especially because the alleged sentencing disparity, if any, does not rise to the "most grievous" level identified in McCoy, or to the level of a "gross disparity" required under the amended section 1B1.13(b)(6).[3] McCoy, 981 F.3d at 285 (reducing sentence where defendants had already served 17-to-25 years and where statutory minimum was a decade longer). Moreover, as discussed in more detail below, Robinson was 37 years old and had already served considerable time in prison at the time of the offenses of conviction. (Doc. 205 ¶ 88, 1:19-CR-525-1.) Unlike the circumstances of the young and immature criminal defendants in McCoy, Robinson's circumstances do not reveal an extraordinary and compelling justification for release.

Robinson also argues that his medical conditions and the harsh prison conditions created by COVID-19 create an extraordinary and compelling reason for compassionate release. In relevant part, the application notes to section 1B1.13 (2021) provide that an extraordinary and compelling reason may exist when the defendant

---

[3] To be clear, while the court is not applying the newly amended 1B1.13(b)(6), the extent that "gross disparity" under that guideline contemplates a lesser disparity than under McCoy, the court finds the result would not differ.

9

is suffering from (1) a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory); and (2) a (i) serious physical or medical condition, (ii) serious functional or cognitive impairment, or (iii) deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care while incarcerated. Robinson claims, and his medical records generally support, that he suffers from ulcerative colitis, hypertension, obesity, and pre-diabetes. (Doc. 101 at 3; Doc. 107.) His records show, however, that he is receiving care for these conditions, and, as discussed in this court's prior orders denying Robinson's motions for compassionate release, he has not demonstrated that any risk he faces from COVID-19 cannot be adequately mitigated. (Doc. 81 at 7.) Notably, he also has previously contracted COVID-19 on January 3, 2022, and has presumably recovered, (Doc. 107 at 113), and has received four doses of the COVID-19 vaccine, (id. at 83-84).

Notably, Robinson claims that his "health concerns are not being addressed," that he is "not being treated with adequate medical care," that his "health issues are being allowed to linger until they worsen," and that the information that BOP has provided the U.S. Attorney's Office is "false, fabricated and far from the truth." (Doc. 111 at 2.) On this record, the court has no basis to accept these conclusory and unsworn, albeit potentially

10

serious, allegations. United States v. Richardson, 5-18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (requiring "robust evidentiary showing"); United States v. Campbell, 1:12-CR-439, 2023 WL 7220732, at *5 (M.D.N.C. Nov. 2, 2023) (discounting "unsworn assertions"). Robinson's medical records demonstrate that he has, by contrast, refused some medical treatment, including a cardiology consultation and a recommended colonoscopy. (Doc. 107 at 161-62.) His records also include a letter from March 2023 in which he refuses "all medical appointments, consults, procedures, and treatment by FCI Edgefield Health Service" because of a potential transfer to a new facility. (Id.) His medical records document that he has "recently [] not been following his diet" for his conditions. (Id. at 1.)

Accordingly, Robinson has not shown that his medical conditions or the conditions of confinement during COVID-19 are an extraordinary and compelling reason for compassionate release. See United States v. Garcia, No. 5:03-CR-00020, 2023 WL 6883187, at *4 (W.D.N.C. Oct. 18, 2023) (denying relief where generalized hardship faced by "every defendant" would otherwise "become the 'exception that swallows the general rule of finality'" (quoting United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5

11

(M.D.N.C. Mar. 5, 2021))).[4]

Finally, Robinson argues that his efforts at rehabilitation warrant early release. Robinson contends that programs at FCI Edgefield, where he was previously incarcerated, had been suspended. (Doc. 101 at 25.) Even if this had not occurred and Robinson had engaged in extensive programming, the application notes to section 1B1.13 state that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," a proposition with which the court agrees. Consequently, Robinson has not demonstrated that his rehabilitative steps, alone or in combination with other circumstances, present an extraordinary and compelling reason for compassionate release.

Even if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors.

---

[4] Under the newly-amended guidelines, an extraordinary and compelling reason may exist where the defendant is housed at a correctional facility affected by an ongoing outbreak of infectious disease or ongoing public health emergency, the defendant is at increased risk due to personal health factors, and such risk cannot be adequately mitigated in a timely manner. U.S.S.G. § 1B1.13(b)(1)(D). FCI Otisville, where Robinson is currently housed, reports zero active COVID-19 infections. See Fed. Bureau of Prisons, Inmate COVID-19 Data, at https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last accessed Jan. 30, 2024). Consequently, there is no "ongoing outbreak of infectious disease" at the facility or an "ongoing public health emergency." See Ctrs. for Disease Control and Prevention, End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, at https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html ("May 11, 2023, marks the end of the federal COVID-19 PHE declaration."). To the extent the current manual provides Robinson more avenues of relief in this respect, the court has considered it and determined that it does not materially alter the analysis.

Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." Kibble, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must consider —

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

(5) any pertinent policy statement . . . by the Sentencing Commission . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

13

18 U.S.C. § 3553(a). As described in the court's order denying Robinson's second compassionate release motion, the section 3553(a) factors weigh against release:

> As the court noted in its prior order, Robinson has a lengthy criminal history. (Doc. 75 at 8; see Doc. 72 ¶¶ 42-90.) By the time Robinson was sentenced in the current proceedings at age 37, he had amassed over twenty criminal convictions, including multiple counts of assault with a deadly weapon. (Id.) He had also committed multiple parole and probation violations. (Doc. 73 at 17.) As a result of this history, Robinson has spent most his adult life in and out of prison. (Id.) He has no significant employment history. (Id. at 18.) He is considered a career offender, and the BOP reports that he is at high risk of re-offending. (Doc. 72 ¶ 68; Doc. 74-1 at 1.) The instant offense involved Robinson entering two banks on two separate occasions, handing each teller a note that said he was armed and demanding "lots of one hundred $ bills," and leaving with a combined $8,200. (Doc. 72 ¶¶ 3-7.)

(Doc. 81 at 8-9.) Granting Robinson's motion for compassionate release would fail to adequately reflect the seriousness of the offense of conviction, his criminal history, and the need for deterrence, to promote respect for the law, and to protect the community.

Additionally, on December 11, 2023, Robinson has moved for an extension of time to file a reply to the Government's response to his motion for compassionate release. (Doc. 109.) There is no general right to reply in criminal cases under the Local Rules for this district. While the Local Rules of Criminal Practice incorporate by reference some of the Local Rules of Civil Practice,

14

see L. Cr. R. 57.1, they do not incorporate Rule 7.3(h), which permits a reply brief in civil cases within 14 days after service of the response, see L.R. 7.3(h). Robinson has provided no indication of what additional and relevant information he would provide in such a reply. Moreover, in the almost seven weeks since he filed his motion for more time, Robinson has not filed any reply; rather, in a filing dated January 3, 2024, Robinson filed a motion for a reduction in sentence on separate grounds. (Doc. 111.) Robinson's motion for an extension of time to file a reply will therefore be denied.

Finally, Robinson has moved for the appointment of counsel to assist him in this matter. (Doc. 110.) There is no general constitutional right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), although the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require. Robinson is capable of seeking his requested relief without the appointment of counsel, and he has not otherwise demonstrated that appointment of counsel is necessary here. As such, the court will deny his request for appointment of counsel.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Robinson's motion for compassionate release (Doc. 101 in 1:05-CR-343; Doc. 80 in 1:05-

15

CR-344), motion for an extension of time to file a reply (Doc. 109 in 1:05-CR-343; Doc. 88 in 1:05-CR-344), and motion to appoint an attorney (Doc. 110 in 1:05-CR-343 Doc. 89 in 1:05-CR-344) are DENIED.

          /s/   Thomas D. Schroeder
        United States District Judge

February 1, 2024